# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1572V
UNPUBLISHED

| | |
|---|---|
| JANET MURRAY on behalf of her minor child, K.M., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br><br> Filed: May 30, 2025 |

*Bijan Esfandiari*, Wisner Baum LLP, Los Angeles, CA, for Petitioner.

*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 3, 2024, Janet Murray filed a petition for compensation on behalf of her minor child, K.M., under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act"). Petitioner alleges that K.M. suffered various injuries from human papillomavirus ("HPV") vaccinations K.M. received on April 16, 2019, and October 22, 2019. ECF No. 1.

Because the petition was untimely filed, and Petitioner has failed to establish a basis for equitable tolling, this case is **DISMISSED**.

## Relevant Factual Background

As alleged in the petition[2], Petitioner stated that K.M. received the first HPV vaccination on April 16, 2019, and the second vaccination on October 22, 2019, both when K.M. was twelve years old. ECF No. 1. Within weeks of the April 16, 2019 HPV vaccination, Petitioner stated K.M. began to experience dizziness and increased need

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Petitioner has not filed any medical records to establish the vaccinations or K.M.'s injuries. I will assume the accuracy of the facts in the petition to resolve the statute of limitations issue.

for sleep. ECF No. 1 ¶ 5. After the October 22, 2019 vaccination, Petitioner stated K.M. developed, among other issues, weakness, fatigue, headaches, rapid heart rate, and nausea. *Id.* Petitioner stated K.M.'s symptoms "continued to worsen over the next year." *Id.* K.M. was later diagnosed with postural orthostatic tachycardia syndrome (POTS). *Id.* ¶ 6.

Facially, Petitioner's claim herein was filed over *five* years after K.M.'s 2019 HPV vaccinations and over *five* years from the time K.M. began manifesting symptoms in 2019. But Petitioner maintains her delay is excusable. Thus, in an affidavit dated September 20, 2024, Petitioner has attested that, at the time these vaccinations occurred, no Vaccine Information Statements (VIS) were provided and no information was relayed about the Vaccine Program. Exhibit 1 ¶ 4. Petitioner only learned that the HPV vaccine might be capable of causing adverse effects or that she had a legal remedy in the summer of 2022. Exhibit 3 ¶¶ 6, 7.

## **Relevant Procedural History**

Given that the timeliness of the claim was legitimately called into question merely by the face of the actual Petition, while the case was still in the initial "pre-assignment review" (a process utilized by the Office of Special Masters to assess whether a claim's primary evidentiary documentation has been filed), I ordered Petitioner to show cause why the claim had not been filed outside the Act's 36-month statute of limitations. Sec. 16(a)(2); ECF No. 6.

On October 15, 2024, Respondent submitted a brief arguing for dismissal due to untimeliness.[3] ECF No. 7. Respondent maintained that Petitioner in fact had not diligently pursued her rights before filing a vaccine claim in 2024. Respondent also disputed the veracity of contentions about the manufacturer's conduct, and whether it could in any event constitute an extraordinary circumstance that would serve as a basis for tolling of the statute.

On December 9, 2024, Petitioner filed a response. ECF No. 8. Petitioner did not dispute the onset of symptoms in 2019, or that the petition was filed in October 2024 (and not sooner than the statute of limitations deadline in 2022), but instead argued that the limitations period should be equitably tolled. Petitioner asserted that she had diligently pursued a vaccine claim once she became aware of K.M.'s legal rights. Petitioner also made allegations not relevant to a Vaccine Act claim, about the perfidious conduct of the vaccine manufacturer in fraudulently concealing the HPV vaccine's harmful character from the public. ECF No. 8 at 20. Relatedly, Petitioner argued that the failure of a

---

[3] In other similarly situated cases, Respondent has also preemptively filed his arguments in favor of dismissal without waiting to see what Petitioner would argue. As noted in those cases, I understand Respondent to be waiving the right to respond by filing preemptively.

healthcare professional to provide her with a VIS at the time of vaccination can be attributed to the Department of Health and Human Services' failure to systematically ensure that VIS are explained and provided to all vaccine recipients. *Id.* at 4.

## Legal Standards

The Vaccine Act's statute of limitations is thirty-six months. Sec. 16(a)(2). The statute begins to run from the manifestation of the first objectively cognizable symptom, whether or not that symptom is sufficient for diagnosis (or even recognized by a claimant as significant). *Id.*; *Carson v. Sec'y of Health & Hum. Servs.*, 727 F.3d 1365, 1369 (Fed. Cir. 2013).

The Federal Circuit has held that the doctrine of equitable tolling can apply to Vaccine Act's statute of limitations. *See Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340-41 (Fed. Cir. 2011). However, in keeping with applicable U.S. Supreme Court precedent, equitable tolling of a limitations period is to be permitted "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, (1990). The appropriateness of equitable tolling is ultimately to be determined on a case-by-case basis, without rigid application of any relevant overarching guidelines. *Holland v. Florida*, 560 U.S. 631, 649–50 (2010); *accord Arctic Slope Native Ass'n v. Sebelius*, 699 F.3d 1289, 1295 (Fed. Cir. 2012).

Petitioners must prove two elements to establish equitable tolling: (1) that petitioner diligently pursued her rights, and (2) an extraordinary circumstance prevented her from timely filing the claim. *K.G. v. Sec'y of Health & Hum. Servs.*, 951 F.3d 1374, 1379 (Fed. Cir. 2020) (*c*iting *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)).

When first articulating this limited exception to equitable tolling, the Federal Circuit primarily enumerated fraud and duress as a basis for equitable tolling—but not, for example, *lack of awareness* on a petitioner's part that she might have an actionable claim. *Cloer*, 654 F.3d at 1344–45 (noting that tolling of the Vaccine Act's statute of limitations period is not triggered "due to unawareness of a causal link between an injury and administration of a vaccine"). In *K.G.,* 951 F.3d at 1380–82 (Fed. Cir. 2020), the Circuit more explicitly endorsed the proposition that an individual's demonstrated mental incapacity could be a basis for equitable tolling in the Program. For a mentally incapacitated individual, the Circuit instructed that the details of the individual's relationship with her legal guardian would affect whether there was reasonable diligence or extraordinary circumstances. *K.G.,* 951 F.3d at 1382 (Fed. Cir. 2020). More recently, the Circuit concluded that a parent acting as a legal guardian did not have extraordinary circumstances preventing the filing of a petition where the parent: (1) routinely made medical decisions on behalf of the legally incapacitated individual during the relevant time period, (2) had no documented strained relationship with the individual, and (3) had no

3

conflicts of interest dissuading the parent from filing a petition. *W.J. v. Sec'y of Health & Hum. Servs.*, 93 F.4th 1228, 1241 (Fed. Cir. 2024).

## Analysis

The untimeliness of this filing is acknowledged by Petitioner, so the only question to be resolved is whether equitable tolling should save the claim. But Petitioner has failed to establish both elements of equitable tolling – diligent pursuit and extraordinary circumstances.

### A) Diligent pursuit

Petitioner argues that she was impeded by the failure of the vaccine administrator to provide her with a VIS or any other information about the Vaccine Program. Petitioner stated that she diligently began to pursue K.M.'s claim after she learned about the Vaccine Program in the summer of 2022.

These arguments are wholly unpersuasive. It is beyond question that claims asserted in the Vaccine Program are not subject to a "discovery rule," accruing only when a claimant *learns* he or she might possess a cause of action. Rather, the statute of limitations period is triggered by the onset of Petitioner's symptoms – whether or not onset was understood to be the start of the claimed injurious illness or condition. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). And the failure to be advised of the Vaccine Program or the Act does not support equitable tolling of the statute of limitations period for an otherwise-untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at *13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, a petitioner cannot generally shield an untimely claim from dismissal by asserting, even in good faith, that she literally was unaware of her Vaccine Act "rights."

### B) Extraordinary Circumstances

Petitioner's arguments about the purported fraudulent conduct of the vaccine's manufacturer, in hiding proof of the vaccine's dangers, deserve even less consideration. ECF No. 8 at 20. As a threshold matter, these contentions are speculative and not evidentiarily-supported. And regardless of their actual truth, the fact remains that the Government *has approved* the HPV vaccine for administration to minors, rendering it "covered" under the Act. The only issue to be resolved in a Program case is whether (assuming, as here, the claim is not a Table claim) the claim meets the standards for causation – and those standards have nothing to do with a manufacturer's alleged misconduct in preparation or promotion of the underlying vaccine.

These allegations also are not a basis for tolling under the circumstances. Petitioner simply has not shown that contentions of corporate misconduct not specific to, or directed at, her personally could rise to the level of the kind of "fraud" that might excuse failing to file a Program claim in a timely manner. Nor has she persuasively established that the vaccine administrator's "failure to warn," or provide a VIS in 2019, is an extraordinary circumstance. Even assuming the factual accuracy of that allegation,[4] it remains the case (as the Circuit recognized in *Cloer*) that vaccine claims accrue upon onset – and that the failure to be advised of the Vaccine Program does not support equitable tolling. *Cloer,* 654 F.3d at 1340; *see also Speights,* 2013 WL 5944084, at *13. And arguments about governmental agency knowledge of a failure to warn reflect overheated, almost-conspiratorial allegations that do not come close to excusing the claim's untimely nature.

Finally, Petitioner also asserts that the safety of the HPV vaccine is "heavily disputed and should not be resolved on these papers alone." ECF No. 8 at 30. But this argument willfully ignores the extent to which I have personally ruled in numerous prior cases that medical science does not preponderantly support the contention that the HPV vaccine can cause various autonomic issues. S*ee,* e.g., *Hughes v. Sec'y of Health & Hum. Servs.*, No. 16-930V, 2021 WL 839092, at *31 (Fed. Cl. Spec. Mstr. Jan. 4, 2021), *mot. for review denied*, 154 Fed. Cl. 640 (2021); *E.S. v. Sec'y of Health & Hum. Servs.*, No. 17-480V, 2020 WL 9076620, at *40, 43 (Fed. Cl. Spec. Mstr. Nov. 13, 2020), *mot. for review denied*, 154 Fed. Cl. 149 (2021); *McKown v. Sec'y of Health & Hum. Servs.*, No. 15-1451V, 2019 WL 4072113, at *44–45 (Fed. Cl. Spec. Mstr. July 15, 2019). The Act does not require that the same theory rejected so many times before must be relitigated by the Program ad infinitum (especially in the absence of new compelling evidence). Rather, special masters are expressly empowered to rely on their expertise, earned in adjudicating Program cases, in subsequent similar matters. To suggest that they should ignore what they have learned in that process reveals a complete miscomprehension of the Program's underlying goals and purposes.

## Conclusion

Thus, Petitioner has failed to establish equitable tolling. **This case is dismissed for being untimely filed. The Clerk of Court shall enter judgment accordingly.**[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Petitioner has not filed any medical records, let alone the vaccination records, that would permit a factual evaluation of whether a VIS was provided to Petitioner at K.M.'s vaccination appointments.

[5] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."